George Tacticos (Bar No. 60089)
MORGAN & FINNEGAN, LLP
44 Montgomery Street, Suite 2550
San Francisco, California 94104
Telephone: 415-318-8800
Facsimile: 415-676-5816
gtacticos@morganfinnegan.com

Andrew C. Chien (appearance *pro hac vice*)
Sonja Keenan (appearance *pro hac vice*)
MORGAN & FINNEGAN, LLP
3 World Financial Center
New York, NY 10281-2101
Telephone: 212-415-8700
Facsimile: 212-415-8701
achien@morganfinnegan.com
skeenan@morganfinnegan.com

*ATTORNEYS FOR PLAINTIFFS*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIGENE LABORATORIES, INC. and UPSHER-SMITH LABORATORIES, INC., <br><br> Plaintiffs, Counterclaim-Defendants, <br><br> v. <br><br> APOTEX, INC. and APOTEX CORP., <br><br> Defendants, Counterclaim-Plaintiffs | Case No. 07-MC-80218-SI <br><br> **REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION TO EXPEDITE HEARING ON DEFENDANTS' MOTION TO QUASH SUBPOENA ISSUED BY PLAINTIFFS' FOR DEPOSITION OF DR. LYNN M. TERREBONNE** <br><br> DATE: <br> TIME: <br> COURTROOM: <br> JUDGE: HON. SUSAN ILLSTON |

Plaintiffs Unigene Laboratories, Inc. and Upsher-Smith Laboratories, Inc. (hereinafter "Plaintiffs") submit this reply to Defendants', Apotex, Inc. and Apotex Corp. (hereinafter "Defendants"), and Dr. Lynn M. Terrebonne's Memorandum in Opposition to Plaintiffs' *Ex Parte* Motion to Expedite the hearing on Defendants' Motion to Quash Subpoena Issued by Plaintiffs for Deposition of Dr. Lynn M. Terrebonne. (hereinafter, the "*Ex Parte* Application").

The *Ex Parte* Application should be granted in view of the impending October 15, 2007 deadline for exchanging proposed meanings of claim terms in the pending litigation (*Unigene Laboratories, Inc. and Upsher-Smith Laboratories, Inc. v. Apotex, Inc. and Apotex Corp.*, Case No. 06-cv-5571-RPP-THK, which is before the United States District Court for the Southern District of New York). Significantly, based on Defendants' representations and discovery responses, Dr. Terrebonne may be the only individual who has knowledge of facts relating to the Certification Letter. Thus, Plaintiffs should be allowed to obtain factual information from Dr. Terrebonne relating to the Certification Letter sufficiently in advance of the October 15, 2007 deadline.

In the Motion to Quash Dr. Terrebonne's Subpoena, Defendants asserted that "the information sought can be obtained through other discovery means, including deposing employees of Apotex . . ." (Motion To Quash, at 2). Additionally, Mr. Castillo and Dr. Terrebonne have stated that the facts relating to the Certification Letter are also available from employees of Apotex. (Castillo Decl., ¶ 8; and Terrebonne Decl., ¶ 16). However, these statements are in direct contradiction to a representation made by Defendants' counsel in open court during a September 12, 2007 hearing before Judge Patterson. In addressing whether anyone at Apotex could testify regarding the Certification Letter and the grounds for Defendants' allegations contained therein, Defendants' counsel stated that "there is no one at Apotex who would answer this." (See Declaration of Sonja Keenan in Support of Reply to Defendants' Opposition to Plaintiffs' *Ex Parte*

2   REPLY TO OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION TO EXPEDITE THE HEARING ON DEFENDANTS' MOTION TO QUASH
Case No. 07-MC-80218-SI

Motion to Expedite Hearing, hereinafter "Keenan Decl.", ¶11, Exhibit E at 62:20-22). Mr. Castillo and Dr. Terrebonne have also confirmed that Dr. Terrebonne has knowledge of the underlying facts of the Certification Letter. (Castillo Decl., ¶ 8; and Terrebonne Decl., ¶ 16).

Dr. Terrebonne has factual information that may relate to the patent claims and prosecution history of the patent-in-suit and the alleged factual bases for Defendants' allegations that the patent-in-suit is invalid and unenforceable. Such factual information may have relevance in addressing the meanings of the claim terms.

Defendants' strategy is to delay Dr. Terrebonne's deposition. Dr. Terrebonne was served with a subpoena in the pending litigation on August 20, 2007. Defendants provided Plaintiffs with documents and a privilege log for withheld documents that were in Dr. Terrebonne's possession and responsive to the Terrebonne Subpoena on August 24, 2007. (See Keenan Decl., ¶7). Defendants waited until September 4, 2007 to file the Motion to Quash Dr. Terrebonne's Subpoena, less than one week before the scheduled deposition was to take place. (See FRCP Rule 45(c)(3)(A) stating that a motion to quash must be timely). Defendants subsequently notified Plaintiffs that Dr. Terrebonne would not appear for the scheduled deposition, even though there was not an order from the court excusing Dr. Terrebonne from the obligations of the subpoena.[1] *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) (requiring a court order in order for a party's duty to appear to a deposition to be excused). In response, Plaintiffs held a meet-and-confer with Defendants' counsel Caesar Rivise to attempt to get Defendants' agreement to expedite the resolution of the Motion to Quash and to gain some assurance that Dr. Terrebonne's deposition will

---

[1] Since August 20, 2007 Defendants' counsel Caesar, Rivise, Bernstein, Cohen & Pokotillow, Ltd. have represented themselves as being counsel for Dr. Lynn M. Terrebonne for this matter. (See Keenan Decl., ¶5.) Caesar Rivise participated in a meet-and-confer on August 21, 2007 to discuss discovery matters including the Terrebonne subpoena. (See Keenan Decl. ¶6). Caesar Rivise provided documents that were in Dr. Terrebonne's possession that were responsive to the document requests contained in the Terrebonne subpoena as well as a privilege log for withheld documents. (See Keenan Decl., ¶7).

3   REPLY TO OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION TO EXPEDITE THE HEARING ON DEFENDANTS' MOTION TO QUASH
Case No. 07-MC-80218-SI

go forward if the Motion to Quash is denied. (See Keenan Decl., ¶9). On September 10, 2007 Defendants rejected these proposals. (See Keenan Decl., ¶10). It was only after Plaintiffs' *Ex Parte* Motion to Expedite was filed and served on Defendants' counsel on September 13, 2007, that Defendants' accepted Plaintiffs' proposal to produce Dr. Terrebonne for deposition in the event that the Motion to Quash is denied. (See Keenan Decl., ¶15). Consistent with their attempt to delay discovery, Defendants then requested that Plaintiffs' *Ex Parte* Application be withdrawn.

Plaintiffs respectfully request that Plaintiffs' *Ex Parte* Application to Expedite be granted so as to avoid any prejudice that Plaintiffs may suffer as a result of taking Dr. Terrebonne's deposition after the deadline for exchanging the meanings of claim terms. For the foregoing reasons, Plaintiffs' *Ex Parte* Application to Expedite should be granted.

Dated: September 20, 2007         By: _____
                                  George Tacticos (Bar No. 60089)
                                  MORGAN & FINNEGAN, LLP
                                  44 Montgomery Street, Suite 2550
                                  San Francisco, California 94104
                                  Telephone: 415-318-8800
                                  Facsimile: 415-676-5816
                                  gtacticos@morganfinnegan.com

                                  Andrew C. Chien (appearance *pro hac vice*)
                                  Sonja Keenan (appearance *pro hac vice*)
                                  MORGAN & FINNEGAN, LLP
                                  3 World Financial Center
                                  New York, NY 10281-2101
                                  Telephone: 212-415-8700
                                  Facsimile: 212-415-8701
                                  achien@morganfinnegan.com
                                  skeenan@morganfinnegan.com

                                  *ATTORNEYS FOR PLAINTIFFS*