1  George Tacticos (Bar No. 60089)
2  MORGAN & FINNEGAN, LLP
   44 Montgomery Street, Suite 2550
3  San Francisco, California 94104
   Telephone:  415-318-8800
4  Facsimile:  415-676-5816
   gtacticos@morganfinnegan.com
5
6  Andrew C. Chien (appearance *pro hac vice*)
   Sonja Keenan (appearance *pro hac vice*)
7  MORGAN & FINNEGAN, LLP
   3 World Financial Center
8  New York, NY 10281-2101
   Telephone:  212-415-8700
9  Facsimile:  212-415-8701
   achien@morganfinnegan.com
10 skeenan@morganfinnegan.com

11
   *ATTORNEYS FOR PLAINTIFFS*
12 *UNIGENE LABORATORIES, INC. and*
   *UPSHER-SMITH LABORATORIES, INC.*
13
                    **UNITED STATES DISTRICT COURT**
14                  **NORTHERN DISTRICT OF CALIFORNIA**

15
16 _____
                                          )
17 UNIGENE LABORATORIES, INC. and         )   Case No. 07-MC-80218-SI
   UPSHER-SMITH LABORATORIES, INC.,       )
18                                         )   **MEMORANDUM IN OPPOSITION TO**
                    Plaintiffs, Counterclaim- )  **DEFENDANTS' MOTION TO QUASH**
19                  Defendants,            )   **AND IN SUPPORT OF PLAINTIFFS'**
                                          )   **CROSS-MOTION TO COMPEL**
20         v.                             )
                                          )
21 APOTEX, INC. and                       )
   APOTEX CORP.,                          )   DATE:  10/19/07
22                                         )   TIME:  9:00 A.M.
                    Defendants,            )   COURTROOM: 10, 19TH FLOOR
23                  Counterclaim-Plaintiffs )  JUDGE:  HON. SUSAN ILLSTON
   _____)
24
25
26
27
28
                    _____

## I.  INTRODUCTION

Plaintiffs Unigene Laboratories, Inc. and Upsher-Smith Laboratories, Inc. (hereinafter "Plaintiffs") submit this memorandum of law in opposition to Defendants Apotex, Inc.'s, Apotex Corp.'s (hereinafter "Defendants") and Dr. Lynn M. Terrebonne's Motion to Quash Plaintiffs' August 20, 2007 subpoena (hereinafter, the "Subpoena", attached at Chien Decl., Ex. A).  The memorandum is further submitted in support of Plaintiffs' cross-motion to enforce the Subpoena to compel Dr. Terrebonne's deposition.

## II.  PROCEDURAL HISTORY AND STATEMENT OF FACTS

### A.    The Patent Action is Pending in the Southern District of New York

This motion arises out of a patent litigation currently pending in the United States District Court for the Southern District of New York before the Honorable Robert P. Patterson, entitled Unigene Labs., Inc. and Upsher-Smith Labs., Inc.v. Apotex., Inc. and Apotex Corp., Civ. Action No. 06-CV-5571-RPP-THK (hereinafter, the "Action").  Plaintiffs are the innovators of Fortical®, a salmon calcitonin nasal pharmaceutical product approved by the FDA for the treatment of post-menopausal osteoporosis.  Fortical® is covered by claim 19 of U.S. Patent No. 6,440,392 (hereinafter, the "'392 patent").

Defendants are seeking FDA approval to manufacture, market and sell a generic version of Plaintiffs' Fortical®.  Defendants sent Plaintiffs a letter, dated June 1, 2006, purporting to be a notice pursuant to Section 505(j)(2)(B)(i) and (ii) of the Federal Food, Drug and Cosmetic Act (hereinafter the "Certification Letter") advising that Defendants had submitted to the FDA an Abbreviated New Drug Application ("ANDA") for a calcitonin-salmon nasal spray.[1]  The

---

[1]  Pursuant to a stipulated protective order, the Certification Letter was designated as "Highly Confidential", and thus is not attached to this motion.

Certification Letter is a recitation of reasons, based on Defendants' alleged factual and legal contentions, why Defendants believe the '392 patent is invalid and unenforceable.

       Within 45 days after receipt of the Certification Letter and upon completion of an investigation of Defendants' infringement of claim 19 of the '392 patent, Plaintiffs initiated the Action on July 24, 2006. A scheduling order was entered in October 2006 wherein the deadline for fact discovery was scheduled to end on August 31, 2007. That deadline was extended to September 14, 2007 by Judge Patterson.

**B.    Dr. Terrebonne Has Been Identified As Having Knowledge of Facts Relevant to the Certification Letter As Well As The Allegations of Invalidity and Unenforceability**

       Based on representations made by Defendants' counsel and Dr. Terrebonne, Dr. Terrebonne is an individual who has knowledge of relevant facts underlying the creation and substance of the Certification Letter and Defendants' allegations of invalidity and unenforceability.

       First, as confirmed by her declaration attached to Defendants' Motion to Quash, Dr. Terrebonne, who was formerly employed by Defendants' counsel (Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd. (hereinafter "Caesar Rivise")), participated in drafting the Certification Letter. (See Terrebonne Declaration, ¶¶ 7-10). Dr. Terrebonne admitted that the Certification Letter was "designed to provide the <u>factual</u> and legal contentions of Apotex to describe why it is believed that the '392 patent is invalid and unenforceable." (Terrebonne Declaration, ¶ 9) (emphasis added). Indeed, Defendants asserted factual contentions in every section of the Certification Letter, including those describing the '392 patent, listing alleged prior art, and explaining the prosecution history for the '392 patent. Many of these factual contentions are highly scientific. Dr. Terrebonne has admitted her involvement in the drafting of the Certification Letter (Terrebonne Decl., ¶ 7) and has an advanced scientific background.

Furthermore, in partial compliance with the Subpoena, on August 24, 2007, Dr. Terrebonne produced non-privileged documents and a privilege log through her counsel, Caesar Rivise. The non-privileged documents that were produced were still in Dr. Terrebonne's possession after she resigned from Caesar Rivise and included prior art cited in the Certification Letter.

Second, Dr. Terrebonne certified that she has knowledge of the "underlying facts and the claims and defenses that Apotex has asserted against Unigene . . . ." (Terrebonne Declaration, ¶ 16). Dr. Terrebonne stated that the underlying facts were either obtained from Defendants or developed by herself. Id.

Third, in Defendants' interrogatory responses, Defendants expressly identified Dr. Terrebonne as an individual with knowledge of information that Defendants will rely on to support their allegations of invalidity and unenforceability. (Chien Decl., Ex. B, Defendants' Response to Plaintiffs' Interrogatory No. 4).

**C.      Other Apotex, Inc. Employees Have Little Or No Knowledge of the Certification Letter**

Defendants assert that the Motion To Quash should be granted because "the information sought can be obtained through other discovery means, including deposing employees of Apotex . . ." (Motion To Quash, at 2). The individuals identified by Defendants include Dr. Jeremy Desai, Dr. Gilbert Banker and Ms. Anita Hui. (Motion to Quash, at 3, Castillo Decl., ¶ 8). Defendants also claim that the Certification Letter "was prepared by Apotex personnel, including Dr. Desai, in consultation with, and the assistance of, their attorneys at Caesar Rivise, including Dr. Terrebonne." (Motion to Quash, at 3). Additionally, Mr. Castillo, an attorney at Caesar, Rivise, certified that "all of [Dr. Terrebonne's] knowledge of the underlying facts was obtained from Apotex or developed by her" and that "[a]ny relevant factual information Unigene contends it needs to obtain from Dr. Terrebonne, is available from employees of Apotex." (Castillo Decl., ¶ 8). Dr.

Terrebonne certified that all of her knowledge "was obtained from our client or developed by me . . . ." (Terrebonne Decl., ¶ 16).

The above assertions made in Defendants Motion To Quash and the sworn statements of Mr. Castillo and Dr. Terrebonne are in direct contradiction to representations recently made by Defendants' counsel during a September 12, 2007 hearing in this matter. In addressing whether anyone at Apotex could testify regarding the Certification Letter and the grounds for Defendants' allegations contained therein, Defendants' counsel stated that "there is no one at Apotex who would answer this." (Chien Decl., Ex. C, at 62:20). Furthermore, Defendants' counsel made the following representation regarding the preparation of the Certification Letter:

> THE COURT:  Did someone at ANDA [sic, Apotex]
> have something to do with that?
>
> MR. POKOTILOW:  That was written by counsel, your
> Honor, that certification letter.

(Chien Decl., Ex. C, at 62:24 to 63:2).

Plaintiffs have already deposed two individuals Defendants identified as "most knowledgeable" with respect to the patent-in-suit and Defendants' defenses and counterclaims. (Chien Decl., Ex. B, Defendants' Response to Plaintiffs' Interrogatory No. 4). However, both individuals were unable to provide any substantive information relating to the preparation and substance of the Certification Letter, which contains Defendants' allegations of invalidity and unenforceability.

Even though Dr. Desai signed the Certification Letter, none of Defendants' employees could provide any information with regard to his involvement in the preparation of Certification Letter. Defendants did not designate Dr. Desai as one of the individuals "most knowledgeable." Dr. Desai has not authored any documents produced by Defendants, and is not

identified in Defendants' privilege logs with respect to any of the 72 documents associated with the Certification Letter which were withheld on the grounds of attorney-client privilege or work product doctrine.  (Chien Decl., ¶ 9).

### D. Dr. Terrebonne Has Not Complied With the Subpoena

Based on Dr. Terrebonne's involvement in the preparation of the Certification Letter, Plaintiffs caused the Terrebonne Subpoena to be issued from the Northern District of California on August 20, 2007.[2]  The Terrebonne Subpoena required Dr. Terrebonne to produce documents relevant to the Action in her possession and appear for deposition on September 10, 2007, pursuant to F.R.C.P. 34(c) and 45.  (Chien Decl., Ex. A).

Defendants waited until September 4, 2007 to file the Motion to Quash the Subpoena, and it was not until Friday, September 7, 2007, that Defendants alerted Plaintiffs that Dr. Terrebonne's deposition would not take place as scheduled on Monday, September 10, 2007.  (Chien Decl., Ex. D).  The only reason provided by Defendants for Dr. Terrebonne's non-compliance was the pending Motion to Quash.  To date, Dr. Terrebonne has not been produced for deposition as required by the Terrebonne Subpoena.

Further, the return date of October 19, 2007 for the motion is past the September 14, 2007 deadline for fact discovery.  In view of the late return date, on September 13, 2007, Plaintiffs filed an *ex parte* application to expedite the Motion to Quash.  Defendants refused to join Plaintiffs in requesting an expedited hearing for this Motion.

---

[2] A prior subpoena was issued on August 10, 2007 and served at the Philadelphia office of Dr. Terrebonne's employer. The August 10 subpoena set an August 31, 2007 deposition date.  As soon as Plaintiffs were informed that Dr. Terrebonne was in the Mountain View, California office, the August 10 subpoena was withdrawn and the August 20, 2007 Subpoena was issued.

MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO QUASH AND IN SUPPORT OF CROSS-MOTION TO COMPEL Case No. 07-MC-80218-SI

Due to Defendants' non-compliance with the requirements of the Subpoena to appear for deposition on September 10, 2007, Plaintiffs now cross-move for an Order compelling Dr. Terrebonne's deposition.

### III.    ARGUMENT

Pursuant to the duly issued Subpoena, Plaintiffs are entitled to depose Dr. Terrebonne because: (1) Dr. Terrebonne has knowledge of the underlying facts of the Certification Letter and may be deposed on such relevant, non-privileged facts, (2) based on the present record and representations of Defendants' counsel, Defendants' employees could not provide any substantive information concerning the Certification letter, and it is still unclear whether any other of Defendants' employees would be able to answer questions concerning the Certification Letter, and (3) the Motion to Quash was untimely.

### A.    Dr. Terrebonne Can Be Deposed On Non-Privileged Facts Underlying the Certification Letter

Plaintiffs should be allowed to depose Dr. Terrebonne on non-privileged facts underlying the Certification Letter. Notably, Defendants' Motion to Quash does not allege that the Subpoena was defective, or that Dr. Terrebonne cannot testify as to non-privileged factual information.

Pursuant to F.R.C.P. 26(b)(1), the broad scope of permissible discovery extends to "any matter, not privileged, that is relevant to the claim or defense of any party." The Federal Rules allow such discovery to be obtained through a subpoenaed deposition of a non-party. F.R.C.P. 30(a)(1).

Here, the Subpoena was duly issued and seeks information within the scope of the discovery rules. Plaintiffs should be allowed to discover non-privileged underlying facts that relate to the Certification Letter which are within Dr. Terrebonne's personal knowledge.

Certainly, Dr. Terrebonne is aware of non-privileged factual information supporting the Certification Letter. These facts relate to the claims and prosecution history of the '392 patent and the alleged prior art, which form the alleged bases for Defendants' contention that the '392 patent is invalid and unenforceable, and thus are within the scope of permissible discovery. Indeed, even though Dr. Terrebonne is no longer an employee of Caesar Rivise, she still held in her possession at least some of the references cited in the Certification Letter, which were recently produced by Defendants' counsel, Caesar Rivise.

In her Declaration, Dr. Terrebonne certified to her knowledge of factual contentions supporting the Certification Letter. (Terrebonne Decl, ¶ 16). Defendants have also confirmed that Dr. Terrebonne has relevant factual information, as Dr. Terrebonne was identified by Defendants as an individual having knowledge of the information that Defendants will rely on to support the allegations of invalidity and unenforceability. (Chien Decl, Ex. B).

In view of the above circumstances, Plaintiffs should be permitted to conduct a fact deposition Dr. Terrebonne.

Defendants themselves have taken deposition discovery from three attorneys who are not involved in the litigation but who have been or are presently associated with one or the other Plaintiffs. Because Dr. Terrebonne has knowledge of the underlying factual information relating to the Certification Letter and Plaintiffs are not seeking privileged attorney-client communications or documents protected by work-product, Plaintiffs are entitled to depose Dr. Terrebonne.

**B.    Defendants' Other Employees Have Little Or No Information Regarding the Certification Letter**

Based on the assertions of Defendants' counsel and as determined during discovery, it is unclear whether any other of Defendants' employees would have any substantive information regarding the Certification Letter.

---

First, in direct contradiction to the assertions and declarations in the Motion to Quash filed by local counsel, Defendants' counsel, on September 12, 2007, represented at a hearing that no one at Apotex, Inc. can answer questions regarding the Certification Letter and that the Certification Letter was prepared by counsel. (Chien Decl., Ex. C).[3] Thus, Plaintiffs should be permitted to depose Dr. Terrebonne if for no other reason than because Defendants' employees may be unable to provide any substantive testimony regarding the Certification Letter.

Second, Plaintiffs have already deposed two Apotex employees who were designated by Defendants as "most knowledgeable" with regards to the '392 patent and Defendants' allegations of invalidity and unenforceability, which are referenced in the Certification Letter.  Although Defendants identified them as "most knowledgeable", neither individual could provide any substantive factual information regarding the underlying facts of the Certification Letter.

Defendants argue that Dr. Desai, Dr. Banker and Ms. Hui should be deposed prior to Dr. Terrebonne's deposition.  None of these three individuals were designated by Defendants to be "most knowledgeable" and there is no indication that any of them were involved in the preparation of the Certification Letter.  Even though Dr. Desai signed the Certification Letter, no one from Apotex, Inc. could explain Dr. Desai's role, if any, in the preparation of the Certification Letter.  In addition, Dr. Desai has not authored any documents produced by Defendants, and his name does not appear on any of Defendants' 72 document related to the Certification Letter, which have been withheld from production based upon a claim of work product and/or attorney-client privilege.

---

[3] As a result of the September 12 hearing, Defendants stipulated to produce a 30(b)(6) witness to testify regarding the Certification Letter.  However, at this point in time, there is still no indication as to whether any such designee could provide any substantive information regarding the Certification letter.

MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO
QUASH AND IN SUPPORT OF CROSS-MOTION TO COMPEL
Case No. 07-MC-80218-SI

1    It is undisputed that Dr. Terrebonne was involved in the preparation and drafting of

2    the Certification Letter, and has knowledge of the relevant factual contentions.  As such, Plaintiffs

3    should be allowed to depose Dr. Terrebonne.

4    **C.      Defendant's Motion to Quash Should be Denied Because It Was Untimely**

5    Defendants' Motion to Quash should be denied because it was untimely.  F.R.C.P.

6    45(c)(3)(a) only permits a subpoena to be quashed "on <u>timely</u> motion" (emphasis added).  A Motion

7    to Quash must be granted in order for the subpoenaed party to be excused from the obligations of the

8    subpoena.  <u>King v. Fidelity Nat'l Bank</u>, 712 F.2d 188, 191 (5th Cir. 1983); <u>see</u> <u>also</u> <u>Pioche Mines</u>

9    <u>Consol., Inc. v. Dolman</u>, 333 F.2d 257, 269 (9th Cir. 1964) (requiring a court order in order for a

10   party's duty to appear to a deposition to be excused).  Based on the above-mentioned case-law, a

11   motion to quash subpoena must be made promptly, so that the issuing party may oppose the motion

12   and allow the Court sufficient time to rule on the motion prior to the scheduled deposition.

13   Here, even though the Subpoena was served on August 20, 2007, Defendants did not

14   file this Motion to Quash until September 4, 2007, resulting in a return date for this motion on

15   October 19, 2007.  The late date on which Defendant's motion was made does not excuse Dr.

16   Terrebonne's non-appearance at the deposition.  Dr. Terrebonne's deposition could only have been

17   excused by the Court.  <u>See</u> <u>id.</u>  To the extent that Dr. Terrebonne failed to attend the deposition and

18   her counsel endorsed this action, it is improper.

19   Because the Motion to Quash was untimely, Defendants' motion should be denied,

20   and Plaintiffs' cross-motion to compel Dr. Terrebonne's deposition should be granted.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## IV.    CONCLUSION

2

For all of the foregoing reasons, Plaintiffs respectfully request that Defendants'

3

Motion to Quash be denied, and Plaintiffs' cross-motion to compel Dr. Terrebonne's deposition

4

should be granted.

5

6

7                                                    Respectfully Submitted,

8

9    Dated:  September 28, 2007               By: _____

10                                                  George Tacticos (Bar No. 60089)
                                                    MORGAN & FINNEGAN, LLP
11                                                  44 Montgomery Street, Suite 2550
                                                    San Francisco, California 94104
12                                                  Telephone:  415-318-8800
                                                    Facsimile:  415-676-5816
13                                                  gtacticos@morganfinnegan.com

14                                                  Andrew C. Chien (appearance *pro hac vice*)
                                                    Sonja Keenan (appearance *pro hac vice*)
15                                                  MORGAN & FINNEGAN, LLP
                                                    3 World Financial Center
16                                                  New York, NY 10281-2101
                                                    Telephone:  212-415-8700
17                                                  Facsimile:  212-415-8701
                                                    achien@morganfinnegan.com
18                                                  skeenan@morganfinnegan.com

19

20                                                  *ATTORNEYS FOR PLAINTIFFS*
                                                    *UNIGENE LABORATORIES, INC. and*
21                                                  *UPSHER-SMITH LABORATORIES, INC.*

22

23

24

25

26

27

28