1
George Tacticos (Bar No. 60089)
MORGAN & FINNEGAN, LLP

2
44 Montgomery Street, Suite 2550

3
San Francisco, California 94104
Telephone:  415-318-8800

4
Facsimile:  415-676-5816
gtacticos@morganfinnegan.com

5

6
Andrew C. Chien (appearance *pro hac vice*)
Sonja Keenan (appearance *pro hac vice*)

7
MORGAN & FINNEGAN, LLP
3 World Financial Center

8
New York, NY 10281-2101
Telephone:  212-415-8700

9
Facsimile:  212-415-8701

10
achien@morganfinnegan.com
skeenan@morganfinnegan.com

11

12
*ATTORNEYS FOR PLAINTIFFS*
*UNIGENE LABORATORIES, INC. and*

13
*UPSHER-SMITH LABORATORIES, INC*

14
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

15

16
Case No. 07-MC-80218-SI

17
UNIGENE LABORATORIES, INC. and
UPSHER-SMITH LABORATORIES, INC.,

18
Plaintiffs, Counterclaim-
Defendants,

19
v.

20

21
APOTEX, INC. and
APOTEX CORP.,

22

23
Defendants,
Counterclaim-Plaintiffs

24

**DECLARATION OF ANDREW CHIEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION TO QUASH AND IN SUPPORT OF CROSS-MOTION TO COMPEL DEPOSITION OF DR. LYNN TERREBONNE**

DATE:  10/19/07
TIME:  9:00 A.M.
COURTROOM:  10, 19TH FLOOR
JUDGE:  HON. SUSAN ILLSTON

25

26

27

28

I, Andrew Chien, declare as follows:

1.     I am an attorney with the law firm Morgan & Finnegan, LLP, attorneys of record for Plaintiffs and Counterclaim-Defendants Unigene Laboratories, Inc. and Upsher-Smith Laboratories, Inc. (hereinafter "Plaintiffs") in the action entitled Unigene Laboratories, Inc. and Upsher-Smith Laboratories, Inc. v. Apotex, Inc. and Apotex Corp., Case No. 06-cv-5571-RPP-THK in the United States District Court for the Southern District of New York before the Hon. Robert P. Patterson (the "Action").

2.     I have been admitted *pro hac vice* in the United States District Court for the Northern District of California for this matter.

3.     I have personal knowledge of the facts set forth herein, except as to those matters stated on information and belief as to those matters I believe them to be true based on information I have received.

4.     On August 20, 2007 Plaintiffs served a subpoena (hereinafter the "Terrebonne Subpoena") on Dr. Lynn Terrebonne. The Terrebonne Subponea commanded Dr. Terrebonne to appear for deposition on September 10, 2007. A true and correct copy of the August 20, 2007 subpoena is attached as Exhibit A hereto.

5.     In Defendants' Reponse to Plaintiffs' Interrogatory No. 4, Dr. Terrebonne was idenfied by Defendants as a person having knowledge of information that Defendnat will rely on to support their allegations of invalidity and unenforceability. A true and correct copy of Defendants' response to Plaintiffs' First Set of Interrogatory Nos. 1-9 is attached as Exhibit B hereto.

6.     On September 12, 2007, a hearing was held before Judge Patterson in the Southern District of New York. During the deposition, Defendants' counsel represented that no one at Apotex would give any testimony regarding the Certification Letter. A true and correct excerpt from the Transcript of the September 12, 2007 hearing is attached as Exhibit C hereto.

7.     On September 7, 2007, Defendants informed Plaintiffs that Dr. Terrebonne will not be produced due to the pending Motion to Quash. A true and correct copy of Defendants' September 7, 2007 letter to Plaintiffs is attached as Exhibit D hereto.

8.     I have personally reviewed all privilege logs produced by Defendants. From these privilege logs, Defendants have described 72 documents associated with the Certification Letter. Dr. Jeremy Desai was not identified in any of these entries as either an author or recipient.

1        I hereby declare under penalty of perjury that the foregoing statements made by me are true.

2   I am aware that if any of the foregoing statements made by me are willfully false, I am subject to

3   punishment.

4

5              Executed on September 28, 2007.

6                                                   Andrew Chien

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KEENAN
Case No. 07-MC-80218-SI



```
Job : 248
Date: 9/28/2007
Time: 8:16:46 AM
```

# EXHIBIT A

# Morgan & Finnegan, L.L.P.

| | | | |
|---|---|---|---|
| HARRY C. MARCUS | DOROTHY R. AUTH | A Registered Limited Liability Partnership | SCOTT D. GREENBERG | JENNIFER CALLINAN |
| JOHN F. SWEENEY† | MICHAEL O. CUMMINGS | | JAMES HWA† | VINNY LEE |
| ARNOLD I. RADY† | KENT STEVENS*† | 3 WORLD FINANCIAL CENTER | TOD M. MELGAR | ERIN M. HICKEY |
| CHRISTOPHER A. HUGHES | WILLIAM G. HU† | NEW YORK, NY 10281-2101 | COLIN FOLEY | CALVIN WINGFIELD |
| WILLIAM S. FEILER† | MATTHEW K. BLACKBURN* | TEL: 212-415-8700 | ERIC G. WRIGHT*† | SETH SILVERMAN* |
| JAMES W. GOULD† | KEITH J. McWHA† | FAX: 212-415-8701 | PING GU | |
| RICHARD C. KOMSON | JOHN T. MOEHRINGER | www.morganfinnegan.com | SERGEY KOLMYKOV | SCIENTIFIC ADVISORS |
| CHRISTOPHER K. HU | | | JENNIFER BIANROSA | SUNGHO HONG, PH.D. |
| BARTHOLOMEW VERDIRAME | COUNSEL | | DANIELLE VINCENTI TULLY | EVELYN M. KWON, PH.D. |
| MARIA C. H. LIN | JOHN C. VASSIL | | JOSHUA H. HARRIS | ANDREW D. COHEN, PH.D. |
| JOSEPH A. DeGIROLAMO | DAVID H. PFEFFER | WRITER'S DIRECT DIAL NUMBER: | JESSICA L. RANDO | BRANDON T. SCHURTER, PH.D. |
| MICHAEL P. DOUGHERTY | EUGENE MOROZ | | TODD L. FETTIG | KENNETH A. BRATLAND, PH.D. |
| SETH J. ATLAS | J. ROBERT DAILEY | (212) 415-8769 | BRAD M. SCHELLER | SERGE ILIN-SCHNEIDER, PH.D. |
| JOHN T. GALLAGHER† | JANET DORE | skeenan@morganfinnegan.com | JEFFREY Z.Y. LIAO | ANGUS GILL |
| STEVEN F. MEYER† | ROGER S. SMITH | August 20, 2007 | ELLIOT L. FRANK*† | BRIAN W. BROWN |
| DAVID H.T. KANE | JOSEPH C. REDMOND, JR.† | | ANDREW C. CHIEN | NIRAV S. AMIN |
| SIEGRUN D. KANE | HERBERT BLECKER | | HIROYUKI YASUDA | |
| TONY V. PEZZANO | GEORGE TACTICOS‡ | | SEAN E. JACKSON† | |
| ANDREA L. WAYDA | EVELYN G. HEILBRUNN†† | | STEVEN PURDY | |
| MICHAEL S. MARCUS† | | | PANKAJ SONI | |
| JOHN E. HOEL*† | SENIOR COUNSEL | | STEVEN R. FAIRCHILD | ‡ ADMITTED IN CALIFORNIA |
| JOHN W. OSBORNE | JEROME G. LEE | | SONJA KEENAN* | * ADMITTED IN CONNECTICUT |
| ROBERT K. GOETHALS | THOMAS P. DOWLING | | JORGE AVITIA | † ADMITTED IN WASHINGTON, D.C. |
| PETER N. FILL | JOHN A. DIAZ | | | * NOT ADMITTED IN NEW YORK |
| RICHARD STRAUSSMAN† | ALFRED P. EWERT† | | | |
| GERARD A. HADDAD | STEPHEN R. SMITH | | | |

## Via Courier

Dr. Lynn M. Terrebonne
Dechert, LLP
2440 W. El Camino Real
Mountain View, CA 94040-1499

       Re:   Unigene Laboratories, Inc. and Upsher-Smith Laboratories, Inc. v.
              Apotex, Inc. and Apotex Corp.
              <u>Case No. 06-cv-5571-RPP-THK</u>

Dear Dr. Terrebonne:

      Please find enclosed a Subpoena for the production of documents and a deposition for the above-referenced litigation.

      Enclosed is a check in the amount of $65 to cover the standard witness fee ($40) and your transportation costs. If your transportation costs are greater than $25 we will accommodate the difference.

      Thank you for your anticipated cooperation in this matter.

              Very truly yours,

              Sonja Keenan

Enclosure

John F. Sweeney
Joseph A. DeGirolamo
Seth J. Atlas
Andrea L. Wayda
Joshua H. Harris
Sonja Keenan
MORGAN & FINNEGAN, LLP
3 World Financial Center
New York, NY 10281-2101
Telephone No.(212) 415-8700
Facsimile No. (212) 415-8701
jfsweeney@morganfinnegan.com
*Attorneys For Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNIGENE LABORATORIES, INC. and UPSHER-SMITH LABORATORIES, INC. <br><br> *Plaintiffs,* <br><br> v. <br><br> APOTEX, INC. and APOTEX CORP., <br><br> *Defendants,* | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 06-cv-5571-RPP-THK <br> ) <br> ) ECF CASE <br> ) <br> ) JUDGE PATTERSON <br> ) <br> ) <br> ) |

### NOTICE OF SUBPOENA OF DR. LYNN M. TERREBONNE

PLEASE TAKE NOTICE that pursuant to Rules 34(c) and 45 of the Federal Rules of

Civil Procedure ("FRCP"), Plaintiffs Unigene Laboratories, Inc. and Upsher-Smith Laboratories,

Inc. (hereinafter collectively "Plaintiffs") demand by subpoena, a copy of which is attached

1088634 v1

hereto, production of documents and things by and a notice of deposition for Dr. Lynn M. Terrebonne.

Schedule A attached to the subpoena identifies documents and things to be produced on or before 9:00 a.m. on September 6, 2007 at the offices of Morgan & Finnegan, LLP, 44 Montgomery Street, Suite 2550, San Francisco, CA 94104-8800, or at such other time and place as may be agreed to by counsel.

PLEASE TAKE NOTICE that commencing at 9:00 a.m. on September 10, 2007, at the law offices of MORGAN & FINNEGAN, LLP, 44 Montgomery Street, Suite 2550, San Francisco, CA 94104-8800, or at some other time, date and place as can be mutually agreed upon, and continuing from day to day until completed, Plaintiffs Unigene Laboratories, Inc. and Upsher-Smith Laboratories, Inc. by counsel, will take the deposition of Dr. Lynn M. Terrebonne, pursuant to Rule 45 Fed. R. Civ. P., to testify as to matters in the above-captioned litigation. Defendants are also requested to bring to the deposition all documents and things utilized by Dr. Terrebonne in preparing to testify at the deposition.

The deposition shall take place before an officer duly authorized to administer oaths by the laws of the United States and shall be transcribed by stenographic and/or videographic means.  You are invited to attend and cross-examine.

Dated:  New York, New York
August 20, 2007

Respectfully submitted,

John F. Sweeney
Joseph A. DeGirolamo
Seth J. Atlas
Andrea L. Wayda
Joshua H. Harris
Sonja Keenan
MORGAN & FINNEGAN, LLP
3 World Financial Center
New York, NY 10281-2101
Telephone No.(212) 415-8700
Facsimile No. (212) 415-8701
jfsweeney@morganfinnegan.com
*ATTORNEYS FOR PLAINTIFFS*

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| Northern | | |
|---|---|---|
| | DISTRICT OF | California |

Unigene Laboratores, Inc. and Upsher-Smith
Laboratories, Inc.

V.

Apotex, Inc. and Apotex Corp.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   06-cv-5571-RPP-THK

TO:   Dr. Lynn M. Terrebonne, Esq.
       Dechert LLP
       2440 W. El Camino Real
       Mountain View, CA 94040-1499

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Morgan & Finnegan, LLP<br>44 Montgomery Street, Suite 2550, San Francisco, CA 94104-4712 | 9/10/2007 9:00 am |

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A.

| PLACE | DATE AND TIME |
|---|---|
| Morgan & Finnegan, LLP<br>44 Montgomery Street, Suite 2550, San Francisco, CA 94104-4712 | 9/6/2007 9:00 am |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*          Attorney for Plaintiffs | 8/20/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Sonja Keenan, Esq.
Morgan & Finnegan, LLP, 3 World Financial Center, New York, NY 10281

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case.

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

For a statement of your obligations in producing documents under this subpoena, see

Rule 45(d)(1)(A) and (2)(A) of the Federal Rules of Civil Procedure ("FRCP") which provide:

(1)(A)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)(A)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DEFINITIONS AND INSTRUCTIONS

1.      "Unigene Laboratories, Inc." means the named Plaintiff, Unigene Laboratories, Inc. and all past or present parent, subsidiary, sister, predecessor, or successor companies, corporations, partnerships, or other business entities and the officers, directors, agents, employees, partners, and all other persons acting or purporting to act on behalf of, or who are subject to the direction or control of, any of the foregoing.

2.      "Upsher-Smith Laboratories, Inc." means the named Plaintiff, Upsher-Smith Laboratories, Inc. and all past or present parent, subsidiary, sister, predecessor, or successor companies, corporations, partnerships, or other business entities and the officers, directors, agents, employees, partners, and all other persons acting or purporting to act on behalf of, or who are subject to the direction or control of, any of the foregoing.

3.      "Plaintiffs" refers collectively to the two named Plaintiffs, Unigene Laboratories, Inc. and Upsher-Smith Laboratories, Inc.

4.      As used herein, "Apotex" and "Defendants" mean Defendant Apotex, Inc. and/or Defendant Apotex Corp., their directors, officers, employees, attorneys, accountants, consultants, representatives, agents, divisions, parents, subsidiaries, or affiliates, past or present,

any partnership or joint ventures to which they are a party and all others acting on behalf of the named Defendants. References herein to activities conducted by, for, and/or on behalf of Apotex includes, without limitation, activities conducted by any entity that directly, or indirectly controls at least fifty percent (50%) of the stock normally entitled to vote for election of directors of the named Defendants, any entity owned or directly controlled by the named Defendants through ownership of at least fifty percent (50%) of the stock normally entitled to vote for election of directors, and any entity under common control with the named Defendants; provided, however, that in the circumstance where the country of incorporation of such owned or controlled corporation requires the maximum ownership by a foreign entity be less than fifty percent (50%), the percentage of ownership required to make such an entity an affiliate, shall be equal to the maximum percentage of ownership permitted by such country, and/or any contract research organization or consultant retained by Apotex.

     5.    As used herein, "document" is used in its customary broad sense under Rule 34, Federal Rules of Civil Procedure, and specifically includes any written, printed, typed, recorded, magnetic, punched, copied, graphic or other tangible thing in, through, or from which information may be embodied, translated, conveyed, or stored (including correspondence, memoranda, notes, records, books, papers, telegrams, telexes, electronic mail, group or collaboration servers, electronic bulletin boards, electronic discussion boards, dictation tapes, video recordings, audio recordings, digital recordings, computer tapes (including back-up tapes), computer disks (including back-up disks), computer printouts, microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings, sketches and all other writings or drafts thereof). As used herein "document" shall also include physical or tangible things such as

physical samples and physical media such as floppy disks, CD and DVD media, USB flash or pen drive and software in all forms (whether source, object, executable or other form).

6.    "Communicate" or "communication" means every manner or means of disclosure, transfer, transmission or exchange of information whether person-to-person, in a group, by telephone, by letter, facsimile, telex or telecopy, or by any other process, electric, electronic or otherwise, and includes any document as defined herein including any medium which abstracts, digests, records or transcribes any such communication, or any subsequent review or discussion of such communication.

7.    Documents that "refer or relate to" any given matter mean documents that concern, contain, discuss, describe, analyze, embody, comment upon, identify, incorporate, summarize, refer to, relate to, reflect, state, constitute, comprise or are otherwise pertinent to the matter or any aspect thereof.

8.    "Concerning" means referring to, relating to, describing, evidencing or constituting.

9.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request any information or documents which might otherwise be construed to be outside of its scope.

10.    "Any" and "all" shall be construed individually to mean each and every.

11.    The singular shall include the plural, and the plural shall include the singular.

12.    "Defendants' ANDA 078200" means the Abbreviated New Drug Application that was submitted to the Food and Drug Administration under 21 U.S.C. §355(j) by Defendants on or before June 1, 2006.

13.    As used herein, "Defendants' Certification Letter" is the letter dated June 01, 2006, signed by Dr. Jeremy B. Desai entitled "Certification of Invalidity/Noninfringement of United States Patent No. 6,440,392".

14.    The "'392 patent" means United States Patent No. 6,440,392 entitled "Nasal Calcitonin Formulations" issued on August 27, 2002.

15.    "Prior art" is used herein in the same sense that is used in 35 U.S.C. § 103, and includes any patent, printed publication, prior knowledge, prior use, prior sale or offer for sale, or other act, event, or document defined in 35 U.S.C. § 102, taken singly or in combination.

16.    As used herein, "Fortical®" refers to the calcitonin-salmon nasal spray marketed by Upsher-Smith Laboratories, Inc. for treatment of postmenopausal osteoporosis.

17.    "Defendants' Proposed Product" means the liquid pharmaceutical formulation covered by ANDA 078200, also known as Defendants' Calcitonin Salmon Nasal Spray (Fortical).

18.    As used herein, "Defendants' Answer" includes the pleading filed by Defendants on September 20, 2006 in the United States District Court for the Southern District of New York for Case No. 06-cv-5571-RPP-THK entitled "Unigene Laboratories, Inc. and Upsher-Smith Laboratories, Inc. v. Apotex, Inc. and Apotex Corp." and the amended pleading filed by Defendants on May 8, 2007 which contains Defendants' Amended Answer, Affirmative Defenses and Counterclaims.

19.    Plaintiffs request that documents be produced to Plaintiffs in the same file or other organizational environment in which they are maintained.  For example, a document that is part of a file, docket or other grouping should be physically produced together with all other documents from said file, docket or grouping responsive to said requests, in the same order or

manner of arrangement as the original. Additionally, a document should be produced stapled, clipped or otherwise bound or connected in the same manner as the original.

        20.    If Dr. Terrebonne has no documents responsive to a particular category, Dr. Terrebonne shall so state. If Dr. Terrebonne contends that any document requested to be produced is protected from discovery by the attorney-client privilege, work product immunity, or any other ground of privilege or immunity, then Dr. Terrebonne shall identify for each such document:

        1.    the date of the document;

        2.    the name and title or position of the author(s) of the document;

        3.    the name and title or position of all persons designated as addressees or otherwise receiving or having seen copies of the document;

        4.    the general subject matter of the document;

        5.    the type of document (memorandum, letter, report, handwritten notes, etc.);

        6.    the specific grounds for withholding the document, including the specific facts upon which Dr. Terrebonne will rely to establish the asserted attorney-client privilege, work product immunity, or any other ground of privilege or immunity; and

        7.    the specific document requests to which the document is responsive.

        21.    If Dr. Terrebonne is aware that a document or group of documents responsive to these requests once existed, but has been destroyed or discarded, Dr. Terrebonne is

requested to state when the document or group of documents was destroyed or discarded, why the document or group of documents was destroyed or discarded, the person most knowledgeable about the content of the document(s) and the circumstances under which the document or group of documents was destroyed or discarded.

22.     If Dr. Terrebonne contends that any of the following requests is objectionable in whole or in part, Dr. Terrebonne shall state with particularity each objection, the reasons for the objection and the categories of information to which the objection applies, and Dr. Terrebonne shall respond to the part of the request that is not objectionable.

23.     The obligation to provide the information sought by these document requests is continuing within the terms of Rule 26(e) of the FRCP.

24.     If Dr. Terrebonne finds the meaning of any term in these requests unclear, Dr. Terrebonne shall assume a reasonable meaning, state what the assumed meaning is, and respond to the requests according to the assumed meaning.

25.     For any document responsive to a request herein that exists in electronic form, Dr. Terrebonne shall produce such document in electronic form. All documents electronically produced shall be provided in a file format that can be read by a computer configured to process ADOBE ACROBAT®, Microsoft Word®, and/or Microsoft Excel® formatted files. Should a document not be capable of being produced in one of the before mentioned file formats, Dr. Terrebonne shall identify the software application, including version number and trade-name, which can be utilized to open such document(s). If any document produced in electronic form has already been printed by Dr. Terrebonne in the ordinary course of business, a hard copy of such print-out shall also be produced. Dr. Terrebonne shall mark or otherwise identify documents produced in electronic form.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

(1)    All documents and things that refer or relate to the infringement/noninfringement, validity/invalidity, enforceability/unenforceability, patentability/unpatentability, scope or interpretation of any of the claims of the '392 patent or any other patent assigned to Unigene Laboratories, Inc., including but not limited to all prior art searches, studies, analyses and evaluations with respect to technology described in the patents.

(2)    All documents and things that describe, discuss, or refer to the scope or construction of any claim element in the '392 patent or claim terms used in any of those claims.

(3)    All documents and things that refer or relate to the allegations of invalidity and unenforceability of the '392 patent made by Defendants in Defendants' Certification Letter and in Defendants' Answer, including but not limited to any opinion, study, analysis, report, investigation, evaluation, test, examination or generation of data that may have been used to support such allegations.

(4)    All documents and things that refer or relate to Defendants' Certification Letter, including but not limited to drafts of Defendants' Certification Letter.

(5)    All documents and things concerning whether Defendants' Proposed Product is actually, arguably, or potentially encompassed by any claims of the '392 patent.

(6)    All documents and things that refer or relate to Defendants' ANDA 078200, including but not limited to documents that refer or relate to Defendants' Proposed Product.

(7)    All documents and things that refer or relate to any oral or written opinions prepared, reviewed, edited, received by or known to Dr. Terrebonne concerning the '392 patent, including but not limited to opinions, reports, tests, studies, evaluations, analyses,

comments or observations concerning the technology described in the '392 patent, the state of the art, and/or the scope or interpretation of any claim of the '392 patent.

(8)    All documents and things that refer or relate to any communication between Dr. Terrebonne and Defendants, including but not limited to, communications concerning the '392 patent, Fortical®, Defendants' Proposed Product and/or the formulation of Defendants' Proposed Product, and/or this lawsuit.

(9)    All documents and things considered for use by or used by Dr. Terrebonne and/or provided to Dr. Terrebonne relating to the '392 patent, Defendants' Proposed Product and/or Defendants' Certification Letter.

(10)    All documents and things that refer or relate to copying any of the elements of the claimed invention of the '392 patent by Defendants.

(11)    All documents and things that refer or relate to avoiding or excluding any of the elements of the claimed invention of the '392 patent by Defendants.

(12)    All documents and things concerning whether Defendants' Proposed Product would infringe any claim of the '392 patent if Defendants' Proposed Product is made, used, sold or offered for sale in the United States or imported into the United States prior to the expiration of the '392 patent.

(13)    All documents and things that refer or relate to any communication between Dr. Terrebonne and any attorney presently or formerly with the law firm of Caesar Rivise, including but not limited to, communications concerning the '392 patent, Fortical®, Defendants' Proposed Product and/or the formulation of Defendants' Proposed Product, and/or this lawsuit.

# EXHIBIT B

02/13/07  11:32 FAX 215 751 1142          CAESAR RIVISE                    ☑002



LAW OFFICES

# CAESAR, RIVISE, BERNSTEIN, COHEN & POKOTILOW, LTD.

PATENTS, TRADEMARKS, COPYRIGHTS

| | | | | |
|---|---|---|---|---|
| ALAN H. BERNSTEIN | MICHAEL J. BERKOWITZ | FRANK M. LINGUITI | WILLIAM C. YOUNGBLOOD* | A.D. CAESAR (1901-1995) |
| STANLEY H. COHEN | SCOTT M. SLOMOWITZ* | GARY A. GREENE | DAVID B. GORNISH* | CHARLES RIVISE (1900-1951) |
| MANNY D. POKOTILOW | MONA GUPTA | MICHAEL J. CORNELISON | NICHOLAS M. TINARI, JR.* | COUNSEL |
| BARRY A. STEIN | DAVID M. TENER | BRUCE J. CHASAN | JOSEPH F. MURPHY, PH.D. | ALLAN H. FRIED, PH.D. |
| MARTIN L. FAIGUS | SALVATORE R. GUERRIERO* | MARINA E. VOLIN* | COLLEEN R. BUTCHER | |
| ERIC S. MARZLUF | JAMES J. KOZUCH | LYNN M. TERREBONNE, PH.D. | | *ALSO ADMITTED TO PRACTICE IN NJ |
| ROBERT S. SILVER | WILLIAM J. CASTILLO*† | MARC B. BASSLER | | †ALSO ADMITTED TO PRACTICE IN NY |

February 13, 2007

*Via Facsimile*
Joseph A. DeGirolamo
Morgan & Finnegan, L.L.P.
3 World Financial Center
New York, NY 10281-2101

           Re:   Unigene Laboratories, Inc. and Upsher-Laboratories,
                   Inc. v. Apotex, Inc. and Apotex Corp.
                   Civil Action No. 06-CV-5571 RPP THK
                   Our Reference:  A1047/40048

Dear Joe:

    Accompanying this letter, please find Defendants' Amended Responses and Objections to Plaintiffs' First Set of Interrogatory Nos. 1-9.

                 Very truly yours,

                 CAESAR, RIVISE, BERNSTEIN,
                 COHEN & POKOTILOW, LTD.

                 By:     _____
                      Marc B. Bassler

MBB:ajc
Enclosure
cc: Joshua Harris, Esq. *(via facsimile)*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNIGENE LABORATORIES, INC. and UPSHER-SMITH LABORATORIES, INC., | : Civil Action No. 06-CV-5571-<br>: RPP-THK<br>: |
| Plaintiffs, | : ECF CASE<br>: |
| v. | :<br>: |
| APOTEX, INC. and APOTEX CORP., | :<br>: |
| Defendants. | : |

## DEFENDANTS' AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORY NOS. 1-9

Defendants Apotex, Inc. and Apotex, Corp. ("Apotex") submit the following amended objections and responses to Plaintiffs' First Set of Interrogatories (Nos. 1-9). In submitting these responses, Defendants do not waive any rights or objections which may otherwise be available, nor concede the relevance, competence, materiality, lack of privilege, or admissibility in evidence of such responses.

All responses herein are submitted as presently advised, and without prejudice to Defendants' rights to modify, amend, revise, correct, supplement, add to or clarify such responses as any additional information may become known to Defendants.

The following responses and the corresponding identifications of individuals to such responses are made on behalf of both Apotex, Inc. and Apotex Corp.

*9803_1.DOC*                                        1

## GENERAL OBJECTIONS

These General Objections apply to each interrogatory response below:

1.      Defendants object to each of Plaintiffs' Definitions and Instructions to the extent they seek to impose discovery obligations on Defendants which are inconsistent with, are not found in, or exceed the requirements of the Federal Rules of Civil Procedure or the Local Rules of the United State District Court for the Southern District of New York, ("Local Rules").  Defendants object to each interrogatory as premature under Local Rules 33.3 to the extent they seek the claims and contentions of Defendants more than thirty (30) days prior to the discovery cut-off date.

2.      Defendants object to each interrogatory to the extent it seeks information protected by the attorney-client privilege.  Defendants will not provide information in response to these interrogatories to the extent such information is protected by the attorney-client privilege.

3.      Defendants object to each interrogatory to the extent it seeks information immune from disclosure under the work-product doctrine or is otherwise immune from discovery.  Defendants will not provide information in response to these interrogatories to the extent such information is protected by the work-product doctrine or is otherwise immune from discovery.

4.      Defendants object to each interrogatory to the extent that a complete answer may be impracticable or infeasible at the stage of discovery; and therefore, Defendants reserve the right to supplement or amend their responses in accordance with the Federal and Local Rules.

*9803_1.DOC*                                    2

02/13/07  11:32 FAX 215 751 1142 ____    CAESAR RIVISE                    ☒005

5.     Defendants object to each interrogatory to the extent it seeks expert discovery prior to the expert discovery period. Defendants will not provide information in response to these interrogatories to the extent such information is covered or protected by Fed.R.Civ.P. 26(b) or the work product doctrine as applied to non-testifying experts prior to the expert discovery phase.

6.     Any objection or lack of objection to an interrogatory is not to be deemed an admission by Defendants that they are aware of information that is called for in the interrogatory.

7.     Defendants object to each interrogatory to the extent it seeks information that is publicly accessible because it is equally convenient for Plaintiffs to obtain such information. Defendants will not conduct a literature or library search or collect or organize information or documents or things that are as accessible to Plaintiffs as they are to Defendants. However, Defendants agree that, subject to the agreed-upon document cut-off date of July 24, 2006 and the agreed upon exceptions thereto, if any literature, library, or other searches have been conducted by or on behalf of Defendants, all search results will be produced to Plaintiffs, regardless of whether the information in and from such searches is publicly accessible.

8.     Defendants object to each interrogatory encompassing multiple unrelated subparts, which constitute more than one interrogatory under the Federal Rules of Civil Procedure.

9.     Defendants object to each interrogatory to the extent it seeks information that is not relevant to the parties' respective claims and defenses.

*9803_J.DOC*                                3

10.    Defendants object to each interrogatory to the extent it seeks information about formulations of calcitonin that are not covered by the subject of Defendants' ANDA in this suit.  Accordingly, no responses are pertinent to formulations other than those of Defendants' ANDA in this suit.

11.    Defendants object to each interrogatory to the extent that Plaintiffs can determine the answer as easily as Defendants can.

12.    Defendants object to these Interrogatories pursuant to Local Civil Rule 33.3, to the extent the subject matter of the Interrogatories is more properly addressed by other forms of discovery, in particular expert reports.

13.    Defendants object to each interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

14.    Defendants object to each interrogatory to the extent that it is overbroad.

15.    Defendants interpret the terms "Apotex's proposed calcitonin-salmon nasal spray" and "proposed calcitonin-salmon nasal spray" as limited to the product described in Defendants' ANDA in this suit.

## SPECIFIC RESPONSES AND OBJECTIONS

INTERROGATORY NO. 1

Identify each person that is or has been or is expected to be involved in the development, synthesis, formulation, testing, analysis, manufacture, production, importation into the United States, distribution, supply, sale and/or marketing of APOTEX's proposed calcitonin-salmon nasal spray.

*9803_1.DOC*                     4

## RESPONSE TO INTEROGATORY NO. 1

Subject to and without waiving the general objections set forth above,

Dr. Jeremy B. Desai[1], Mohammad Kabir[2], Ruth Moses[2], Anthony Qu[2], Yasmin Sethna[2], Tammy McIntire[3], Daniele Thibodeau[1], Tony Commisso[2], Tish Anger[2], Helene Scott[2], Ram Muthuramu[2], Jerzy Boratynski[2], Chandrashekhar Gaitonde[2], Dominic Ferris[2], Cheryl Delgado[2], Garnet Smith[2], Wan Jiang[2], Cihua Yang[2], Ming Zhang[2], Naseem Glaubitz[2], Anita Hui[4], Ramesh Atchuthampillai[1,5], Ted Lawes[2] and Jingsong He.[6]

---

[1] This is an Apotex Inc. employee who can be contacted at:
    Apotex Inc.
    Signet Campus
    150 Signet Drive
    Weston, Ontario M9L 1T9
    CANADA

[2] This is an Apotex Inc. employee who can be contacted at:
    Apotex Inc.
    380 Elgin Mills Road, East
    Richmond Hill, Ontario L4C 5H2
    CANADA

[3] This is an Apotex Corp. employee who can be contacted at:
    Apotex Corp.
    2400 North Commerce Parkway
    Suite 400
    Weston, Florida 33326
    USA

[4] This is a former Apotex employee who can be contacted at:
    Anita Hui
    55B Avenida de Sidonio Pias, 1st Floor
    Macau SAR

[5] Corrects prior misspelling of last name.

[6] Mr. He is a former Apotex, Inc. employee. We have been unable to obtain a home address, if we are able to obtain this information we will provide it to Plaintiffs. Local Rule 26.3(c)(3) only requires giving such information "to the extent known." However, we are able to provide the last known work address. Mr. He was employed by Apotex, Inc. at the Signet Campus.

*9803_1.DOC*                    5

INTERROGATORY NO. 2

     Identify each person who has knowledge of any agreement of APOTEX with any other person relating to the development, synthesis, formulation, testing, analysis, manufacture, production, importation into the United States, distribution, supply, sale and/or marketing of APOTEX's proposed calcitonin-salmon nasal spray.

RESPONSE TO INTEROGATORY NO. 2

     Subject to and without waiving the general objections set forth above, Wan Jiang[2], Tony Commisso[2], Anthony Qu[2] and Mohammad Kabir.[2,7]

INTERROGATORY NO. 3

     Identify each entity and/or person that has been involved in the preparation or submission of ANDA 078200 to the FDA seeking regulatory approval for the marketing of a proposed calcitonin-salmon nasal spray product in the United States and the role that each such entity or person played in such efforts, including the three individuals affiliated with APOTEX, other than counsel, most knowledgeable with respect to the subject matter of this interrogatory.

RESPONSE TO INTEROGATORY NO. 3

     Subject to and without waiving the general objections set forth above, Robin Windover[2], Sylvia Fong[2], Gina Sirianni[2], Paul Tengalia[1], Marian Tang[2], Yasmin Sethna[2], Judy Jiang[2], Cindy Covent[8], Irene Vilchez[1], and Apotex, Inc.

---

[7] Mohammad Kabir was inadvertently left off the initial interrogatory response.

[8] Ms. Covent is a former Apotex, Inc. employee. We have been unable to obtain a home address, if we are able to obtain this information we will provide it to Plaintiffs. Local Rule 26.3(c)(3) only requires giving

Although Apotex still contends that identification of the three individuals most knowledgeable is a separate interrogatory, Apotex responds as follows: Robin Windover[2], Sylvia Fong[2], and Gina Sirianni.[2]

INTERROGATORY NO. 4

Identify each entity and/or person involved in any opinion, study, analysis, report, investigation, evaluation. test, examination or generation of data upon which APOTEX relied or will rely to support the allegations of invalidity and unenforceability recited in APOTEX's Certification Letter and in APOTEX's Answer, Affirmative Defenses and Counterclaims, including the three individuals affiliated with APOTEX, other than counsel, most knowledgeable with respect to the patent-in-suit, APOTEX's affirmative defenses and counterclaims.

RESPONSE TO INTEROGATORY NO. 4

Subject to and without waiving the general objections set forth above, Dr. Lynn M. Terrebonne, Esq.[9] (privilege not waived), Robert S. Silver, Dr. Gilbert Banker[10], Allen Rosenberg[11,12], Anthony Qu[2], Anita Hui[4], Cihua Yang[2], Dr. Jeremy B. Desai[1], and Mohammad Kabir.[2,7]

---

such information "to the extent known." However, we are able to provide the last known work address. Ms. Covent was employed by Apotex, Inc. at both the Signet Campus and Richmond Hill facility.

[9] Based on understanding and belief, present place of employment is:
    Dechert LLP

[10] Dr. Banker can be contacted at:
    Gilbert S. Banker
    2989 Oliver Lane, N.E.
    Iowa City, IA 52240

[11] Corrects prior misspelling of first name.

[12] Mr. Rosenberg can be contacted at:

Although Apotex still contends that identification of the three individuals most knowledgeable is a separate interrogatory, Apotex responds as follows: Anthony Qu[2], Cihua Yang[2], and Mohammad Kabir.[2,7]

INTERROGATORY NO. 5

Identify all documents relating to each patent and/or patent application licensed to or filed by or on behalf of APOTEX anywhere in the world relating to any calcitonin-salmon nasal spray product, including any interferences, conflicts, oppositions, or other proceedings involving each such patent or patent application.

RESPONSE TO INTEROGATORY NO. 5

Subject to and without waiving the general objections set forth above, after a reasonable search, no documents were found at this time.

INTERROGATORY NO. 6

Identify the three individuals affiliated with APOTEX, other than counsel, most knowledgeable with respect to each and every comparative study or analysis of APOTEX's proposed calcitonin-salmon nasal spray product relative to FORTICAL®.

RESPONSE TO INTEROGATORY NO. 6

Subject to and without waiving the general objections set forth above, Cihua Yang[2], Ming Zhang[2] and Wan Jiang.[2]

---

Allen P. Rosenberg
1301 S. Arlington Ridge Road
Suite 501
Arlington, VA 22202

*9803_1.DOC*                               8

INTERROGATORY NO. 7

Identify the three individuals affiliated with APOTEX, other than counsel, most knowledgeable with respect to any attempt by APOTEX to avoid infringement of any claim in the patent-in-suit.

RESPONSE TO INTEROGATORY NO. 7

Apotex objects to the interrogatory as not relevant to the claims or defenses of any party or reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the general objections set forth above, Anthony Qu[2], Cihua Yang[2], and Anita Hui.[4]

INTERROGATORY NO. 8

Identify all consultants or experts with whom APOTEX has consulted relating to calcitonin-salmon nasal spray, and for each such person state the specific subject for which that person was consulted.

RESPONSE TO INTEROGATORY NO. 8

Apotex objects to the interrogatory to the extent that it seeks information subject to the attorney-client or work product doctrine.  Apotex objects to the interrogatory as overly broad and vague.  Subject to and without waiving any of the other general objections set forth above, Apotex responds as follows, Apotex only used Apotex employees in the development of APOTEX'S proposed calcitonin-salmon nasal spray.  *See* Apotex's Response to Plaintiffs' Interrogatory No. 1; *see also* Apotex's Response to Plaintiffs' Interrogatory No. 4, and Defendants' Supplemental Rule 26 Disclosure.

*9803_1.DOC*                                    9

INTERROGATORY NO. 9

Identify each person from whom documents were collected or reviewed for possible production in response to Plaintiffs' Requests For Production, and for each document produced by APOTEX in this action, identify the entity or person that was in possession, custody or control of such document at the time of review or collection.

RESPONSE TO INTEROGATORY NO. 9

Subject to and without waiving the general objections set forth above, Dr. Bernard C. Sherman[1], Robin Windover[2], Wan Jiang[2], Cihua Yang[2], Ming Zhang[2], Heather Tran[2], Ruth Moses[2], Anthony Qu[2], Yasmin Sethna[2], Sylvia Fong[2], Atif Zia[2], Tammy McIntire[3,5], Daniele Thibodeau[2], Tony Commisso[2], Tish Anger[2], Carol Vincent[2], Agnes Nemeth[2], Paul Martin[2], Ted Lawes[2], Paul Tenaglia[2], Garnet Smith[2], Sharon Botes[2], Mirela Constantinescu[2], Cheryl Dalgado[2], Nancy Tate[2], Grace Pearcey[2], Carol Susla[13], Jennifer Clark[2], Jayne Lee, Helene Scott[2], Ram Muthuramu[2], Jerzy Boratynski[2], Chandrashekhar Gaitonde[2], Dominic Ferris[2], Mohammad Kabir[2], Ann Marie Malfara[2], Jack Bleau[3], Sharon Cease[3], James Van Lieshout[3,5], Tom Axner[3,5], Sam Boulton[3], Gwen Copeland[3], Beth Hamilton[3], John Crawford[3], Randy Eckard[3], Bob Simmons[3], Jon Stafford[3], Jason Gensburger[3], Steven Giuli[3], Ellen Gettenberg[3], Erin Organ[3], Diane Kopp[3], John Lay[3], Kiran Krishnan[3], David Link[3], Buddy Bertucci[3], Dr. Jeremy B. Desai[1], Naseem Glaubitz[2], Anita Hui[4], Ramesh Atchuthampillai[1], Gina Sirianni[2],

---

[13] Ms. Susla is a former Apotex, Inc. employee. We have been unable to obtain a home address, if we are able to obtain this information we will provide it to Plaintiffs. Local Rule 26.3(c)(3) only requires giving such information "to the extent known." We are able to provide the last known work address. Ms. Susla was employed by Apotex, Inc. at the Richmond Hill facility.

Marian Tang[2], Judy Jiang[2], Cindy Covent[8], Irene Vilchez[1], Phil Tackett[2],

Gordon Fahner[1], Bernice Tao[1], Bruce Clark[1], Roger Diamond[2], Paul Bonnici[1],

Jingsong He[6] and all relevant groups at Apotex.


                                        CAESAR RIVISE BERNSTEIN
                                        COHEN & POKOTILOW

Date:  February 13, 2007                By: _____
                                            Marc B. Bassler

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendants' Amended Responses and Objections to Plaintiffs' First Set of Interrogatory Nos. 1-9 was served via facsimile on the party named below on February 13, 2007.

> Joseph DeGirolamo, Esq.
> Morgan and Finnegan LLP
> 3 World Financial Center
> New York, New York 10281

_____
Marc B. Bassler

# EXHIBIT C

```
                     91207 Hearing before Judge Patterson.txt
                                                                          1
         79CHUNIC
    1    UNITED STATES DISTRICT COURT
    1    SOUTHERN DISTRICT OF NEW YORK
    2    ----------------------------x
    2
    3    UNIGENE LABORATORIES, INC.,
    3    et al.,
    4
    4                   Plaintiffs,
    5
    5              v.                           06 Civ. 5571 (RPP)
    6
    6    APOTEX, INC., et al.,
    7
    7                   Defendant.
    8
    8    ----------------------------x
    9
    9                                      New York, N.Y.
   10                                      September 12, 2007
   10                                      9:45 a.m.
   11
   11
   12    Before:
   12
   13                       HON. ROBERT P. PATTERSON
   13
   14                                           District Judge
   14
   15                          APPEARANCES
   15
   16    MORGAN & FINNEGAN, LLP
   16         Attorneys for Plaintiffs
   17    BY:  JOSHUA H. HARRIS
   17         JOSEPH A. DeGIROLAMO
   18
   18    CAESAR RIVISE BERNSTEIN COHEN & POKOTILOW, LTD.
   19         Attorneys for Defendants
   19    BY:  MANNY POKOTILOW
   20
   20
   21
   21
   22
   22
   23
   23
   24
   24
   25
   25
                       SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
                                                                          2
         79CHUNIC
    1            (In open court)
    2            THE COURT:  Unigene Laboratories and Upsher-Smith
    3    Laboratories v. Apotex, Inc. and Apotex Corporation.
    4            Is the plaintiff ready?
    5            MR. HARRIS:  Plaintiffs are ready, your Honor.  Joshua
    6    Harris for plaintiff Unigene Laboratories and plaintiff
    7    Upsher-Smith Laboratories.
                              Page 1
```

91207 Hearing before Judge Patterson.txt
(212) 805-0300

61

79CHUNIC
1  unsatisfactory and insubstantial responses to our written
2  discovery requests and we want to make sure that --
3              THE COURT:  In this area.
4              MR. HARRIS:  In this area.
5              MR. POKOTILOW:  Your Honor, we would like to know what
6  specific discovery requests they are talking about.
7              MR. HARRIS:  We intend to --
8              THE COURT:  This is what you should do in a meet and
9  confer.
10              Let me go on to 5.  Any and all products approved for
11  sale in another country for nasal spray delivery of calcium --
12  don't you all know that?  Why is there any need for that,
13  Mr. Harris?
14              MR. HARRIS:  We need to discover from defendants what
15  the market is with respect to other products and the
16  formulations of other products that they have not gone after in
17  seeking to go after our patented formulation.
18              THE COURT:  I suppose the other products are all
19  patented also.  I am just guessing.
20              MR. HARRIS:  I don't know.
21              THE COURT:  What does that go to in this lawsuit?
22              MR. HARRIS:  This goes, again, to secondary
23  considerations with respect to failed attempts of others and
24  Apotex's desire to seek approval for a generic version that
25  copies our product and infringes claim 19 of our patent.
                  SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

62

79CHUNIC
1              THE COURT:  Let me go on to 6.  Isn't that covered by
2  5?
3              MR. HARRIS:  No, your Honor.  The products that are
4  approved are covered in No. 5.  Attempts are discussed in No.
5  6.  Again, this goes to their failed attempts, perhaps attempts
6  to avoid infringement or lack of attempt to avoid infringement.
7              THE COURT:  Those are tied in together, I think.
8              MR. HARRIS:  There is some relationship, yes.
9              THE COURT:  What about 7?
10              MR. HARRIS:  Your Honor, No. 7 goes directly to
11  defendants' certification letter, which addresses what they
12  believe to be the grounds for invalidity and enforceability and
13  sets forth no grounds for non-infringement.  However, we
14  understand they are now raising non-infringement contentions.
15  We would like to explore that with respect to their original
16  letter served over a year ago which had no contentions of
17  non-infringement set forth in that letter.
18              MR. POKOTILOW:  Your Honor, may I say something here?
19              THE COURT:  Yes, sir.
20              MR. POKOTILOW:  No. 7, there is no one at Apotex who
21  would answer this.  This is expert testimony, not an ANDA
22  expert.  They are going to have an opportunity to ask those
23  questions when we get to expert testimony.
24              THE COURT:  Did someone at ANDA have something to do
25  with that?
                  SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

63

79CHUNIC
1              MR. POKOTILOW:  That was written by counsel, your
2  Honor, that certification letter.
                        Page 29

# EXHIBIT D

09/07/2007 11:20 FAX  2155672549        CAESAR RIVISE ET AL                    ☑001/002



LAW OFFICES

# CAESAR, RIVISE, BERNSTEIN, COHEN & POKOTILOW, LTD.

PATENTS, TRADEMARKS, COPYRIGHTS

| | | | | |
|---|---|---|---|---|
| ALAN H. BERNSTEIN | SCOTT M. SLOMOWITZ* | MICHAEL J. CORNELISON | COLLEEN R. BUTCHER | A.D. CAESAR (1901-1995) |
| STANLEY H. COHEN | MONA GUPTA | BRUCE J. CHASAN | DOUGLAS PANZER* | CHARLES RIVISE (1900-1951) |
| MANNY D. POKOTILOW | DAVID M. TENER | MARINA E. VOLIN* | | |
| BARRY A. STEIN | SALVATORE R. GUERRIERO* | MARC B. BASSLER | TECHNICAL ADVISOR | COUNSEL |
| MARTIN L. FAIGUS | JAMES J. KOZUCH | WILLIAM C. YOUNGBLOOD* | THOMAS J. CLARE | ALLAN H. FRIED, PH.D. |
| ERIC S. MARZLUF | WILLIAM J. CASTILLO*† | DAVID B. GORNISH* | | |
| ROBERT S. SILVER | FRANK M. LINGUITI | NICHOLAS M. TINARI, JR.* | | *ALSO ADMITTED TO PRACTICE IN NJ |
| MICHAEL J. BERKOWITZ | GARY A. GREENE | JOSEPH F. MURPHY, PH.D. | | †ALSO ADMITTED TO PRACTICE IN NY |

## FACSIMILE TRANSMITTAL SHEET

September 7, 2007

| To: | Morgan & Finnegan, L.L.P. | From: | William J. Castillo, Esq. |
|---|---|---|---|
| Attn.: | Sonja Keenan, Esq. | Time: | |
| Fax No.: | 212-415-8701 | Our Ref.: | A1047/40048 |
| Pages: | 2   (including cover) | | |

**IF YOU DO NOT RECEIVE ALL THE PAGES INDICATED
ABOVE, PLEASE CALL US BACK AS SOON AS POSSIBLE.**

This transmittal contains PRIVILEGED AND CONFIDENTIAL information intended only for the use of the addressee. If you are not the intended recipient, you are hereby notified that any dissemination or copying is strictly prohibited. If you have received the transmission in error, please call us immediately by telephone (collect) and we will make arrangements with you to have the original facsimile returned to us at our expense. Thank You.

**COMMENTS**

11th Floor · Seven Penn Center · 1635 Market Street · Philadelphia, PA 19103-2212
Telephone: 215-567-2010 · Fax: 215-751-1142 · www.crbcp.com



LAW OFFICES
# CAESAR, RIVISE, BERNSTEIN, COHEN & POKOTILOW, LTD.
PATENTS, TRADEMARKS, COPYRIGHTS

| | | | | |
|---|---|---|---|---|
| ALAN H. BERNSTEIN | SCOTT M. SLOMOWITZ* | MICHAEL J. CORNELISON | COLLEEN R. BUTCHER | A.D. CAESAR (1901-1995) |
| STANLEY H. COHEN | MONA GUPTA | BRUCE J. CHASAN | DOUGLAS PANZER* | CHARLES RIVISE (1900-1951) |
| MANNY D. POKOTILOW | DAVID M. TENER | MARINA E. VOLIN* | | |
| BARRY A. STEIN | SALVATORE R. GUERRIERO* | MARC B. BASSLER | TECHNICAL ADVISOR | COUNSEL |
| MARTIN L. FAEGUS | JAMES J. KOZUCH | WILLIAM C. YOUNGBLOOD* | THOMAS J. CLARE | ALLAN H. FRIED, PH.D. |
| ERIC S. MARZLUF | WILLIAM J. CASTILLO*† | DAVID B. GORNISH* | | |
| ROBERT S. SILVER | FRANK M. LINGUITI | NICHOLAS M. TINARI, JR.* | | * ALSO ADMITTED TO PRACTICE IN NJ |
| MICHAEL J. BERKOWITZ | GARY A. GREENE | JOSEPH F. MURPHY, PH.D. | | † ALSO ADMITTED TO PRACTICE IN NY |

September 7, 2007

**_Via Facsimile 212-415-8701_**
Sonja Keenan, Esq.
Morgan & Finnegan, L.L.P.
3 World Financial Center
New York, NY  10281-2101

    Re: Unigene Laboratories, Inc. and Upsher-Smith Laboratories, Inc.
       v. Apotex, Inc. and Apotex Corp.
       Civil Action No. 06-CV-5571-RPP-THK
    Sub: Our Ref. No.: A1047/40048

Dear Sonja:

    Further to your letter of September 6, 2007, please be advised that Dr. Terrebonne will not be appearing for the scheduled deposition on Monday September 10, 2007 in view of the pending Motion to Quash the Subpoena for deposition of Dr. Lynn M. Terrebonne.

        Sincerely yours,

        CAESAR, RIVISE, BERNSTEIN,
        COHEN & POKOTILOW, LTD.

        By _____
           William J. Castillo

WJC:as
cc: Dr. Lynn M. Terrebonne

---

11th Floor · Seven Penn Center · 1635 Market Street · Philadelphia, PA 19103-2212
Telephone: 215-567-2010 · Fax: 215-751-1142 · www.crbcp.com